United States District Court
Southern District of Texas
**ENTERED**
June 19, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ORLANDO ENRIQUE AVILA ROMERO, | § § | CIVIL ACTION NUMBER 4:26-cv-04225 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RAYMOND THOMPSON, | § | |
| Respondent. | § | |

**OPINION AND ORDER ON DISMISSAL**

Pending is the amended petition for writ of *habeas corpus* under 28 USC §2241 filed by Petitioner Orlando Enrique Avila Romero. Dkt 7.

An initial petition was filed on behalf of Petitioner through a *next friend*, on May 27, 2026. Dkt 1. That petition was stricken because the putative *next friend* failed to allege facts sufficient to establish standing. Dkt 5. That order also noted the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026), which held that 8 USC §1225(b)(2)(A) subjects anyone present in the United States without legal admission to mandatory detention as an "applicant for admission" deemed to be "seeking admission." Id at 4. It further conveyed a number of previous decisions by the undersigned resolving several closely related issues. Id at 4–7.

Initial screening of the initial petition determined that the arguments presented by the *next friend* raised only issues resolved in those decisions. Even so, Petitioner was granted an opportunity to file an amended petition, either *pro se* or through counsel, to specify individual

circumstances or additional arguments supporting a different result. Id at 7–8.

Petitioner has now filed his amended petition and proceeds here *pro se*. Dkt 7. He acknowledges illegal entry into the United States on a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) is unlawful as a violation of his due process rights under the Fifth Amendment. Id at 1–3. In this respect, he argues that (i) he has complied with all immigration requirements since his arrival, (ii) he has no criminal history and isn't a danger to the community, (iii) the appeal of his removal order is pending, and (vi) he has significant family responsibilities. Ibid.

*As to any statutory claim,* Petitioner appears to disagree with the holding of the Fifth Circuit in *Buenrostro-Mendez* that individuals like himself who are present in the United States without legal admission are subject to detention under §1225(b)(2)(A). But the undersigned previously reached the same conclusion based on the plain language of the statute. See *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex); *Herrera Naranjo v Uhls*, 2025 WL 3771447 (SD Tex). And even if inclined to reconsider, the undersigned couldn't grant Petitioner relief contrary to *Buenrostro-Mendez* because a district court "is bound by a circuit decision unless or until it is overturned by an *en banc* decision of the circuit court or a decision of the Supreme Court." *La Unión del Pueblo Entero v Abbott*, 614 F Supp 3d 509, 525 (WD Tex 2022), quoting *Perez v Abbott*, 250 F Supp 3d 123, 139 (WD Tex 2017). Petitioner's disagreement with prior decisions and binding Fifth Circuit precedent isn't a basis for *habeas corpus* relief.

*As to any due process claim,* arguments similar to those raised by Petitioner were rejected by the undersigned in *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex), which held that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A). The undersigned later found that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process

2

while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis,* 533 US 678 (2001), as to post-removal-order detention. See *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026). Finally, the petition and its attachments make clear that Petitioner's removal order is not yet final, so the presumptively constitutional six-month post-final-order detention period provided by *Zadvydas* hasn't yet begun.

Petitioner's contentions concerning his compliance with earlier immigration orders, lack of criminal history, pending appeal, and family responsibilities may bear on the question of whether he should ultimately be removed. But they don't bear on the question of whether he may be detained during the pendency of such removal proceedings. As such, he hasn't shown that his current detention violates his rights under the Due Process Clause.

\* \* \*

Because Petitioner hasn't established that his detention violates either the Constitution or federal law, he isn't entitled to relief on *habeas corpus* in this action.

The amended petition for writ of *habeas corpus* by Petitioner Orlando Enrique Avila Romero is DENIED. Dkt 7.

This action is DISMISSED WITH PREJUDICE.

The motion by Petitioner to prevent his transfer or deportation is DENIED. Dkt 6.

All other pending motions are DENIED AS MOOT.

A certificate of appealability is DENIED as unnecessary.

Final judgment will enter separately.

The Clerk will mail this Order to Petitioner and email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this disposition to Respondents.

3

SO ORDERED.

Signed on <u>June 19, 2026</u> , at Houston, Texas.

<u> </u>
Honorable Charles Eskridge
United States District Judge